UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
JOSHUA BUCHTER, on behalf of himself and
other similarly situated consumers,

                      Plaintiff,

                vs.



MERCANTILE ADJUSTMENT BUREAU, LLC,

                      Defendant.
-------------------------------------------------------------------

Civil Action No.: 1:15-cv-00620

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff Joshua Buchter ("Plaintiff") and other similarly situated consumers, by and through their attorneys, Law Offices of Michael Lupolover, P.C., as and for their Complaint against the Defendant Mercantile Adjustment Bureau, LLC ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

      1.     This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

      2.     Jurisdiction of this Court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

      3.     The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

      4.     Venue is proper in this District 28 U.S.C. §1391(b) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.     Plaintiff is a natural person residing in Philadelphia, PA and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6.     Defendant is a domestic limited liability company based in Williamsville, NY which regularly in its ordinary course of business utilizes instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant's principal place of business is located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

7.     Defendant is a "debt collector" as that phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.     On information and belief, Defendant, on behalf of RBS Card Services began collecting an alleged consumer debt from the Plaintiff originating with RBS Card Services ("the alleged debt").

10.    The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

11.    The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Within the one (1) year preceding the filing of this complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the alleged debt.

13. At some point in time, Plaintiff is alleged to have incurred a personal debt to RBS Card Services/Citizen's Bank on his account ending in 5337.

14. At some subsequent point in time RBS Card Services/Citizen's Bank alleged that the alleged debt fell into default.

15. Subsequent to the alleged default, RBS Card Services/Citizen's Bank wrote off the balance of the alleged debt as a bad debt.

16. On information and belief, RBS Card Services/Citizen's Bank wrote off the alleged debt as a bad debt no later than in April 2014.

17. Upon writing off the alleged debt as a bad debt, RBS Card Services/Citizen's Bank ceased sending periodic billing statements to Plaintiff.

18. Upon writing off the alleged debt as a bad debt, RBS Card Services/Citizen's Bank ceased adding interest to the alleged debt balance.

19. Upon writing off the alleged debt as a bad debt, RBS Card Services/Citizen's Bank waived the addition of interest to the alleged debt balance.

20. The alleged debt balance which RBS Card Services/Citizen's Bank wrote off was $1,546.00.

21. Plaintiff's alleged debt balance did not increase after the date RBS Card Services/Citizen's Bank wrote off the debt.

22. Plaintiff's alleged debt balance would not increase due to interest after the date RBS Card Services/Citizen's Bank wrote off the debt.

23. There was no chance the alleged debt balance would increase due to interest after the date RBS Card Services/Citizen's Bank wrote off the alleged debt because RBS Card Services/Citizen's Bank waived the addition of interest after the date of the write-off.

24. After the date on which RBS Card Services/Citizen's Bank wrote off the alleged debt, Defendant sent plaintiff a collection letter.

25. Defendant sent the letter on behalf of RBS Card Services.

26. Defendant sent the letter in an attempt to collect the alleged debt from Plaintiff.

27. Defendant's letter is dated February 12, 2015.

28. Defendant's letter is the initial communication as that term is defined and used in the FDCPA and thus contains the statutorily required §1692g notice.

29. In the letter, Defendant stated in relevant part, "Current Balance: $1,546.99".

30. In the letter Defendant also stated, in relevant part:

> "The account balance may periodically increase due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by law."

31. Defendant's letter caused plaintiff to believe that the balance of his alleged debt would increase from day to day because of the addition of interest, late charges and other charges.

32. In or about March/April 2015, Plaintiff logged on to Defendant's website and viewed the alleged debt on Defendant's payment portal.

33. Contrary to Defendant's letter, the alleged debt has not increased in amount.

34. Plaintiff's belief was erroneous because his alleged debt balance was not in fact accruing interest.

35. The alleged debt balance was not in fact accruing late charges or other charges.

36. Defendant's said statement in its letter that Plaintiff's alleged debt balance would accrue interest, late charges and other charges from day to day caused Plaintiff to suffer distress, stress, agitation, irritation and confusion.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. On information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

38. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action

39. The Class is so numerous that joinder of all members is impracticable. On information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

40. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

41. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

42. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

43. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

44. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

45. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

46. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

47. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

48. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

49. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's statement in its collection letter that plaintiff's account may accrue interest, late charges and other charges that may vary from day to day and so the amount due on the date he pays may be greater, is false, deceptive and misleading.

52. On the date Defendant sent its collection letter, Plaintiff's account was not accruing interest.

53. On the date Defendant sent its collection letter, Plaintiff's account was not accruing late charges or other charges.

54. During the entire time the alleged debt was placed with Defendant, Plaintiff's alleged debt balance remained at $1,546.99.

55. Defendant included the statement about the accrual of interest, late charges and other charges in collection letters concerning debts whose balances were not accruing interest, late charges or any other charges.

56. Defendant included the statement about the accrual of interest, late charges and other charges in collection letters concerning debts whose balances would not be greater in the future.

57. Defendant included the statement about the accrual of interest, late charges and other charges to scare Plaintiff into quickly paying the alleged debt.

58. Defendant included the statement about the accrual of interest, late charges and other charges to scare the least sophisticated consumer into quickly paying the alleged debt.

59. Defendant's inclusion of the statement about the accrual of interest, late charges and other charges in the collection letter to Plaintiff is therefore a false representation of the character and amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

60. Defendant's inclusion of the statement about the accrual of interest, late charges and other charges in the collection letter to Plaintiff constitutes a false, deceptive and misleading representation or means used to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e.

61. As a result of Defendant's violations of the FDCPA, Plaintiff and the class are entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joshua Buchter demands judgment from the Defendant Mercantile Adjustment Bureau, LLC as follows:

   A. Certification of the class pursuant to Rule 23(b)(3);

    B. Maximum statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

    C. Maximum statutory damages for the class pursuant to 15 U.S.C. § 1692k;

    D. For attorneys' fees, costs and disbursements;

    E. For an award of pre-judgment interest on all sums awarded and/or collected;

    F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

  Plaintiff Joshua Buchter hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:  July 13, 2015

        Respectfully submitted,

        **LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**

        By: /s/ Allison Polesky_____
        Allison Polesky, Esq. (AP5446)
        Law Offices of Michael Lupolover, P.C.
        120 Sylvan Ave, Suite 300
        Englewood Cliffs, NJ 07632
        Phone: 201-461-0059
        Facsimile: 201-608-7116
        Email: allison@lupoloverlaw.com
        Attorney for the Plaintiff Joshua Buchter